UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMY JAMES MACK, Petitioner | CIVIL ACTION NO. 1:19-CV-529-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Jimmy James Mack ("Mack") (#381884). Mack is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Mack challenges his conviction in the 9th Judicial District Court, Rapides Parish.

Because Mack's Petition is second and successive, and Mack has not obtained authorization to file a second or successive petition from the United States Court of Appeals for the Fifth Circuit, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Mack was convicted of attempted second degree murder and armed robbery. He was sentenced to a total of 59 years of imprisonment. State v. Mack, 2008-487 (La. App. 3 Cir. 11/5/08). Mack's conviction and sentence were affirmed on appeal. Id. Mack filed an application for post-conviction relief, which was denied, as were the

related writ applications. State ex rel. Mack v. State, 2011-2032 (La. 6/22/12); 90 So.3d 450.

Mack filed a Petition for Writ of Habeas Corpus under § 2254 in this Court, which was denied. (1:12-cv-1998, Doc. 28). The Fifth Circuit denied writs. (1:12-cv-1998, Doc. 34).

Mack then filed another post-conviction application, which was also denied. The Louisiana Supreme Court denied writs because the application was untimely filed in the trial court. State ex rel. Mack v. State, 2017-1388 (La. 10/29/18); 255 So.3d 579.

In his § 2254 Petition (Doc. 1), Mack claims trial counsel was ineffective in failing to subpoena Officer Elliott Fruge to impeach the prosecution's only witness. (Doc. 1-2, p. 6).

## II. Law and Analysis

Mack previously filed a § 2254 Petition in this Court, which was adjudicated on the merits. (1:12-cv-1998). Mack now raises a claim in a new § 2254 Petition that could have been raised in the earlier Petition. Thus, Mack's Petition is second or successive. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Mack is required to obtain authorization from the Fifth Circuit to file a second or successive petition. See 28 U.S.C. § 2244(b)(3) (before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application).

According to the record and the Fifth Circuit, Mack has not obtained that authorization. Until such time as Mack obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition. See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

Nonetheless, Mack claims the AEDPA in inapplicable because it only applies to capital cases. (Doc. 1-2, p. 8). This argument has been flatly rejected by the Fifth Circuit. Young v. Vannoy, 690 F. App'x 199 (5th Cir. 2017) ("It is well established that the AEDPA applies to 'all habeas corpus proceedings in the federal courts' filed after its enactment, even those submitted by individuals convicted of noncapital offenses.") (quoting Lindh v. Murphy, 521 U.S. 320, 326 (1997) (applying the AEDPA to noncapital case)). Precedent binds this Court. The AEDPA applies.

## III. Conclusion

Because Mack's Petition is second and successive and Mack has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Mack's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge